JANET L. CHUBB, ESQ.
Nevada State Bar No. 176
LOUIS M. BUBALA III, ESQ.
Nevada State Bar No. 8974
ARMSTRONG TEASDALE
50 W. Liberty St., Suite 950
Reno, NV 89501
Telephone: (775) 322-7400
Facsimile: (775) 322-9049
Email: jchubb@armstrongteasdale.com
 and bsalinas@armstrongteasdale.com
 and lbubala@armstrongteasdale.com

WILLIAM A. BREWER III, ESQ.
Texas State Bar No. 02967035
*Admitted Pro Hac Vice*
MICHAEL J. COLLINS, ESQ.
Texas State Bar No. 00785495
*Admitted Pro Hac Vice*
ROBERT M. MILLIMET, ESQ.
Texas State Bar No. 24025538
*Admitted Pro Hac Vice*
BICKEL & BREWER
1717 Main Street, Suite 4800
Dallas, Texas 75201
Telephone: (214) 653-4000
Facsimile: (214) 653-1015
Email: wab@bickelbrewer.com
 mjc@bickelbrewer.com
 rrm@bickelbrewer.com

Attorneys for Plaintiffs

**Electronically Filed on August 9, 2012**

☒ FILED  ___ RECEIVED
___ ENTERED  ___ SERVED ON
COUNSEL/PARTIES OF RECORD

AUG 22 2012

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

District of Nevada

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. 2:07-CV-892-RCJ-GWF-BASE<br>and<br>Case No. 3:07-CV-241-RCJ-GWF |
| 3685 SAN FERNANDO LENDERS, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COMPASS USA SPE LLC, *et al.*,<br><br>Defendants. | AGREED MOTION [AND ORDER] TO VACATE *NUNC PRO TUNC* THE "FINAL JUDGMENT AND ORDER" ERRONEOUSLY ENTERED ON THE DOCKET IN THE 241 CASE |

Pursuant to Federal Rule of Civil Procedure 60 and this Court's inherent powers, the parties in Case No. 2:07-CV-892-RCJ-GWF-BASE (the "892 Case") (which is the main case for, among

other consolidated cases, Case No. 3:07-CV-241-RCJ-GWF (the "241 Case")) hereby jointly and severally move for an order correcting a clerical mistake in the record of the 241 Case by vacating the "Final Judgment And Order" erroneously entered in the 241 Case as docket number 276 ("Document 276"), as follows:

1. On July 15, 2011, the Court inadvertently entered a "Final Judgment And Order" in the 892 Case [892 Case Doc. 2171], which it immediately vacated upon agreed motion of the parties [892 Case Docs. 2174 & 2176].

2. Unbeknownst to the parties in the 892 Case, the clerk of the Court also filed an identical copy of the "Final Judgment And Order" in the 241 Case. [241 Case Doc. 276]

3. No such filing should have been made in the 241 Case because, as the docket in the 241 Case reflects, the Court previously consolidated the 241 Case with the 892 Case, with the 892 Case serving as the "lead case" (emphasis added):

| 01/09/2008 | 253 | ORDER to Consolidate ; Ord that 3:07-cv-241-RCJ-VPC; 2:07-cv-894-RCJ-GWF; and 2:07-cv-1133-RCJ-GWF are **consolidated under 2:07-cv-892-RCJ-GWF (base file.)** Signed by Judge Robert C. Jones on 1/9/08. (Copies have been distributed pursuant to the NEF - VHM) (Entered: 01/09/2008) |
|---|---|---|
| 01/22/2008 | 254 | MINUTE ORDER IN CHAMBERS of the Honorable Robert C. Jones, U.S. District Judge, on 1/22/2008. **This case 3:07-cv-241-RCJ-VPC having been consolidated with BASE CASE 2:07-cv-892-RCJ-GWF. IT IS THEREFORE ORDERED** that this case is reassigned to Magistrate Judge George W. Foley, Jr. for all further pretrial proceedings. Magistrate Judge Valerie P. Cooke no longer assigned to case. All further documents must bear the correct case number 3:07-cv-241-RCJ-GWF. *IT IS FURTHER ORDERED that all future filings shall be filed in the designated base file 2:07-cv-892-RCJ-GWF* and contain both case numbers as follows: 2:07-cv-892-RCJ-GWF-BASE AND 3:07-cv-241-RCJ-GWF. (no image attached) (Copies have been distributed pursuant to the NEF - BLG) (Entered: 01/22/2008) |

4. Indeed, many direct lenders who are named plaintiffs in the 892 Case are not named parties in the 241 Case. Similarly, Asset Resolution LLC is not a named party in the 241 Case but is a named party in the 892 Case. Moreover, counsel for all defendants in the 241 Case were no longer counsel for those defendants at the time Document 276 was entered, and all of the counsel for

1  defendants in the 892 Case made appearances well after the 241 Case was consolidated with the 892
2  Case.
3       5.   There was no trial in the 241 Case (except to the extent that it was consolidated with
4  the 892 Case), and the wording in the "Final Judgment And Order" clearly refers to proceedings
5  which were conducted in the 892 Case and not in the 241 Case (as a separate case).
6       6.   The parties to this motion agree that the Court's order vacating the "Final Judgment
7  And Order" entered in the 892 Case [892 Case Doc. 2176] should have also operated to vacate the
8  same order erroneously entered in the 241 Case.
9       7.   However, certain lawyers and their law firms, who/which are not parties in the 892
10 Case but are defendants in adversary proceedings commenced by the chapter 7 trustee on behalf of
11 the Asset Resolution estate, have filed objections to the "form" of the proposed settlement order in
12 the Asset Resolution Bankruptcy Cases, and movants herein expect that those parties may seek to
13 avoid liability in such proceedings by misrepresenting that Document 276 in the 241 Case was a
14 "final judgment." [See Doc. 1831 in Case No. 09-32824-RCJ] That concern is furthered by some of
15 those lawyer defendants having moved to transfer the adversary proceeding against them from this
16 Court to a New York court which would be unfamiliar with the history of the 892 Case and the Asset
17 Resolution Bankruptcy Cases. [See Doc. 16 in Case No. 12-01154-RCJ]
18      8.   In order to avoid any ambiguity regarding whether the entry of Document 276 in the
19 241 Case was a clerical error, was void when erroneously entered, and/or should have been vacated
20 when the Court vacated the same document erroneously entered in the 892 Case [see 892 Case Doc.
21 2176], the parties now hereby jointly move for an order: (a) declaring those facts; (b) vacating
22 Document 276 in the 241 Case *nunc pro tunc*; (c) terminating ECF filing for the 241 Case and any
23 other cases that have been consolidated with the 892 Case as the lead case; and (d) granting movants
24 herein such other relief to which they are entitled.
25      9.   This Court has authority under Federal Rule of Civil Procedure 60(a) to correct
26 "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein . . . at any
27 time on its own initiative or on the motion of any party and after such notice, if any, as the court

1 orders."

2     10. The Court also has authority to vacate Document 276 in the 241 Case under Rule 60(b)(4) ("the judgment is void"), Rule 60(b)(5) (it is not equitable that the judgment shall have prospective application), and/or Rule 60(b)(6) (any other reason justifying relief from the operation of the judgment).

    WHEREFORE, movants jointly and severally request that the Court enter an order: (a) declaring that Document 276 entered in the 241 Case was a clerical mistake, was void *ab initio*, and should have been vacated by the Court when it entered Doc. 2176 in the 892 Case; (b) striking Document 276 from the record in the 241 Case and terminating the 241 Case and all other consolidated cases for further ECF filings (so that all filings must be made solely in the 892 Case); and (c) granting movants such other relief to which they are entitled.

Dated this 9th day of August, 2012

AGREED:

| BICKEL & BREWER | THE MAJORIE FIRM LTD. |
|---|---|
| By: /s/ Robert M. Millimet<br>Robert M. Millimet<br>Counsel to 892 Case Plaintiffs | By: /s/ Francis B. Majorie PC<br>Francis B. Majorie PC<br>Counsel to 892 Case Silar Defendants |
| ARMSTRONG TEASDALE | LAXALT & NOMURA, LTD. |
| By: /s/ Janet L. Chubb<br>Janet L. Chubb<br>Counsel to 892 Case Plaintiffs | By: /s/ Dan Hayward<br>Dan Hayward<br>Counsel to 892 Case Compass Defendants |
| SULLIVAN, HILL, LEWIN, REZ & ENGLE, PC | BORIS PISKUN |
| By: /s/ Jonathan S. Dabbieri<br>Jonathan S. Dabbieri<br>Counsel to Chapter 7 Trustee for the Asset Resolution LLC | By: /s/ Boris Piskun<br>Boris Piskun<br>Pro se |

## ORDER

After reviewing the foregoing motion and the record (including without limitation the consolidation orders by this Court and the Court's dockets), the Court hereby rules *sua sponte*:

IT IS HEREBY ORDERED THAT the "Final Judgment And Order" entered on the docket as Document 276 in Case No. 3:07-cv-241-RCJ-VPC (the "241 Case") was a clerical mistake and was void *ab initio* insofar as the 241 Case was consolidated with Case No. 2:07-cv-892-RCJ-GWF (Base) (the "892 Case"), with the 892 Case as the lead case in which all filings should have been made;

IT IS FURTHER ORDERED THAT this Court's order entered in the 892 Case [892 Case Doc. 2176] vacating the same document in the 892 Case should have also vacated *nunc pro tunc* the document filed in the 241 Case as Document 276;

IT IS FURTHER ORDERED THAT Document 276 in the 241 Case shall be stricken from the record in that case; and

IT IS FURTHER ORDERED THAT the clerk shall file a copy of this Order in the 241 Case and thereafter immediately terminate for further ECF filings the 241 Case and all other cases which have been consolidated with the 892 Case (so that all future filings must be made solely in the 892 Case).

DATED THIS 22 DAY OF August, 2012.

_____
CHIEF JUDGE ROBERT C. JONES
UNITED STATES DISTRICT COURT

5273592.2